FILED

OCT 2 0 2008

Andrew Bates
(OSB # 78134)
1001 S.W. Fifth Avenue
Suite 1400
Portland, Oregon  97205
(503) 228-3608

ATTORNEY FOR DEFENDANT YU CHOU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-474 BR |
| | ) | |
| Plaintiff, | ) | PETITION TO ENTER PLEA |
| | ) | OF GUILTY, CERTIFICATE |
| vs. | ) | OF COUNSEL, AND ORDER |
| | ) | ENTERING PLEA. |
| YU CHOU, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

The defendant represents to the court:

1. My name is Yu Chou.  I am 35  years old. I have gone to school up to and including the   12 grade and I year trade school  .

2. My attorneys are Andrew Bates   and Hugh Mo  .

3. My attorneys and I have discussed my case fully.  I have received a copy of the Indictment or Information.  I have read the Indictment or

Information, or it has been read to me, and I have discussed it with my attorney. My attorneys have counseled and advised

me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows:

 (See Plea Agreement Letter).

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows:

  (None) .

I have not taken any drugs or medications within the past seven (7) days except as follows:

 (None) .

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a

United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.   I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

a.  The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

b.  The right to have the assistance of an attorney at all stages of the proceedings;

c.  The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d.   The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e.  The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilty may be drawn from this decision; and

f.  The right not to be compelled to incriminate myself.

8.  I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rule 11(e)(1)(B_). My attorney has explained the effect of my plea under Rule 11(e)(1)(_B_) to be as follows:

I understand that although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes s sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea

10. I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is 5 years imprisonment and a fine of $250,000.00. I know there is a mandatory minimum sentence of _0 years imprisonment.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $ 100 per count of conviction.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know these Guidelines are advisory only. I know that under the Federal Sentencing Guidelines, the sentencing judge will ordinarily select a sentence from within the guideline range. If, however, a case

presents unusual facts or other circumstances, the law permits the judge to depart from the guidelines and impose a sentence either above or below the guideline range.  Although most sentences will be imposed within the guideline range, I know that there is no guarantee that my sentence will be within the guideline range.  If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed.  I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.  I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn.  I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served.  Credit for good behavior does not apply to a sentence of one year or less.

15.  I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence.  During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge.  In my case, a term of supervised release can be 3 years.

16.  I know that in addition or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty.  I am also informed that, for certain crimes of violence and crimes

involving fraud and deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21.   The Plea Agreement contains the only agreement between the United States government and me.  No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement.  I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22.   My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.   I hereby request that the judge accept my plea of "GUILTY" to the following count:

Count 1 : Conspiracy to Traffic in Counterfeit Goods violation of Title 18, United States Code, Section371.

24.   I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true.

Beginning in January, 2004 and continuing until November 22,2005, in the District of Oregon, I agreed to provide "Oakley" brand sunglasses, accessories and cases to others knowing that these goods had counterfeit marks, the use of which were likely to cause confusion or mistake as to their origin.

<u>I accept full responsibility for my actions.</u>

25.  I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney which is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this _25th_ day of _September_ ,2008.

_____
Yu Chou

## CERTIFICATE OF COUNSEL

The undersigned, as attorneys for defendant Yu Chou, hereby certifies:

1. We have fully explained to the defendant the allegations contained in the Indictments in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. We have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. We have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and we have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. We recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by us in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 25th day of September, 2008.


Andrew Bates (OSB # 78134)
Attorney for Defendant

Hugh H. Mo
Attorney for Defendant



**U.S. Department of Justice**
*Karin J. Immergut*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*     *(503) 727-1000*
*Portland, OR  97204-2902*     *Fax: (503) 727-1117*

October 16, 2008

<u>VIA E-MAIL</u>

Andrew Bates                                    Hugh H. Mo
1001 SW Fifth Ave                               The Law Firm of Hugh H. Mo, P.C.
Suite 1400                                      225 Broadway, Suite 2702
Portland, OR 97204                              New York, NY 10007

Re:    *United States v. Yu Chou*, CR 06-474-BR

Dear Messrs. Bates and Mo:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any other charges other than those specifically mentioned herein.

2.    **Charge**:  Defendant agrees to plead guilty to Count 1 of the Indictment, which charges conspiracy to traffic in counterfeit goods, in violation of Title 18, United States Code, Section 371.

3.    **Penalties**:  The maximum sentence is five years imprisonment, a fine of up to $250,000, up to three years of supervised release, and a $100 mandatory fee assessment.

4.    **Dismissal/No Prosecution**:  The USAO will move to dismiss at sentencing Counts 2 through 5 of the Indictment against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (USSG).  The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).  The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

6.    **Guideline Analysis**:  The parties agree that the base offense level is 8 pursuant to U.S.S.G. § 2B5.3.  The parties further agree that a 14-level specific offense characteristic applies pursuant to U.S.S.G. §§ 2B5.3(b)(1) and 2B1.1 because the infringement amount of the counterfeit Oakley sunglasses was more than $400,000 but less than $1,000,000 based on the retail value of the infringing items, multiplied by the number of infringing items.  The parties further agree that an

Andrew Bates
Hugh Mo
Plea Letter - Page 2

additional 2-level increase applies because the offense involved the importation of infringing items pursuant to U.S.S.G. § 2B5.3(b)(3)(A). The parties would agree that the readily provable facts support the application of no other specific offense characteristic, including an adjustment for role in the offense. Based on this calculation, the parties agree that the adjusted offense level is 24. If defendant qualifies for a reduction for acceptance of responsibility, the total offense level would be 21.

7.    **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a 3-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.    **Low End Sentencing Recommendation**: The USAO will recommend no more than the low end of the advisory guideline range calculated by the court prior to any departures, so long as defendant demonstrates an acceptance of responsibility as explained above.

9.    **Departures and Variances**: The USAO will not recommend any upward departures. Defendant is free to seek a downward departure or variance from the advisory sentencing guideline range under the U.S.S.G. or 18 U.S.C. § 3553.

10.    **Restitution**: This agreement is conditioned on defendant satisfying the attached civil settlement and release agreement he entered on October 14, 2008 with the victim, Oakley, Inc., for unrecovered losses incurred as a result of the offense. Assuming defendant satisfies his obligation to pay Oakley, Inc. $33,000 prior to sentencing, the government will defer to the civil settlement agreement and not seek restitution. If defendant fails to do so, the government will seek, and the defendant acknowledges responsibility for, full restitution for losses to Oakley, Inc., in the amount of $2,970,000.

11.    **Forfeiture**:

    A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 49 U.S.C. § 80303 and 28 U.S.C. § 2461, including the following item which defendant admits constituted the proceeds of defendant's criminal activity and was used to facilitate defendant's criminal activity:

    $67,545.00 in U.S. Currency.

Andrew Bates
Hugh Mo
Plea Letter - Page 3

B.   **Disclosure of Assets**: Defendant agrees to completely and truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the whereabouts of defendant's ownership interest in, and all other information known to defendant about, all monies, property or assets of any kind in the possession of defendant or nominees, derived from or acquired as a result of, or involved in, or used to facilitate the commission of defendant's illegal activities, and to complete and deliver to the USAO no later than October 1, 2008 a financial disclosure form listing all of defendant's assets. Defendant understands and acknowledges that the USAO is relying upon defendant's representation in entering into this plea agreement. If those representations are false or inaccurate in any way, the USAO may pursue any and all forfeiture remedies available, may seek to have the plea agreement voided, and may seek to have defendant's sentence enhanced for obstruction of justice pursuant to USSG §3C1.1.

C.   **Polygraph Examination**: Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States, with an examiner selected by the USAO. If the examination results indicate an intent to deceive the USAO with respect to assets, defendant will be afforded the opportunity to review and explain the deceptive responses. If, after consideration of defendant's responses, the USAO is convinced defendant's financial statement is not complete and truthful, the USAO is not limited to the forfeiture set forth in this agreement and is free to pursue all forfeiture remedies available.

D.   **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

E.   **Substitute Assets**: In the event any claim is successfully made by third parties to any of the assets listed above, defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties. Defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

F.   **Agreement to Civil or Administrative Forfeiture**: Defendant agrees not to file a claim to any of the listed property in any civil proceeding – administrative or judicial – which has been initiated and hereby withdraws any claim filed in any civil or administrative forfeiture proceeding currently pending with the United States District Court or the U.S. Customs and Border Protection, Office of Fines, Penalties and Forfeitures, including defendant's claim to the listed property that was signed on April 8, 2007. Defendant further waives the right to notice of

Andrew Bates
Hugh Mo
Plea Letter - Page 4

any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

       G.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon defendant in addition to forfeiture.

       H.    **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum; (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G.; or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing range calculated by the court.  Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.    **Court Not Bound**:  The court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Andrew Bates
Hugh Mo
Plea Letter - Page 5

15.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.    **Total Agreement**:  This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied.

A change of plea hearing is scheduled for October 20, 2008 at 1:30 p.m.  I will bring the original copy of this letter to the hearing for your signatures.

Sincerely yours,

KARIN J. IMMERGUT
United States Attorney

HANNAH HORSLEY
Assistant United States Attorney

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney.  I am satisfied with the legal assistance provided to me by my attorney.  I wish to plead guilty because, in fact, I am guilty.

10 - 20 - 2008
Date

Yu Chou
Defendant

I represent defendant as legal counsel.  I have carefully reviewed and discussed every part of this agreement with defendant.  To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

10-20-2008
Date

Andrew Bates
Attorney for Defendant

Andrew Bates
Hugh Mo
Plea Letter - Page 6

     I represent defendant as legal counsel.  I have carefully reviewed and discussed every part of this agreement with defendant.  To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

10 - 20 - 2008
_____
Date

               Hugh H. Mo
               Attorney for Defendant

     I have translated the above document verbatim to defendant as the interpreter in this case. I fully and accurately translated discussions between defendant and the attorneys.

10 - 20 - 2008
_____
Date

               Interpreter

## SETTLEMENT AND RELEASE AGREEMENT

This Agreement is entered into by and between Oakley, Inc., a Washington corporation with its principal place of business located at One Icon, Foothill Ranch, California 92610 (hereinafter referred to as "Oakley") and Yu Chou, an individual residing at _____ (hereinafter referred to as "Chou"), and collectively referred to as the "Parties."

### RECITALS

WHEREAS, Chou admits that they have sold counterfeit Oakley products in the past;

WHEREAS, Chou acknowledges and agrees that the sale of these counterfeit Oakley sunglasses infringe Oakley's trademark rights in its U.S. Trademark Nos. 1,984,501, 1,927,106 and 2,146,295, as well as Oakley's patent rights associated with the designs of the various sunglasses;

WHEREAS, Chou was arrested in relation to his sale of counterfeit Oakley products;

WHEREAS, Chou has agreed to plead guilty to his sale of counterfeit Oakley sunglasses and to cooperate with the government and Oakley in resolving this matter;

WHEREAS, Chou is unable to accurately account for each and every sale of the counterfeit Oakley sunglasses; and

WHEREAS, the Parties have compromised the disputes between them and wish to resolve and settle their differences on the terms and conditions set forth herein.

### AGREEMENT

NOW THEREFORE, in consideration of the mutual covenants set forth herein, the parties agree as follows:

1.    Mutual Release And Forgiveness Of Past Acts.

Oakley, on the one hand, and Chou, on the other hand, for valuable consideration, the receipt of which is hereby acknowledged, do hereby fully release and forever discharge each other and their officers, directors, shareholders, employees, agents, heirs, executors, administrators, and successors from any and all demands, manners of action, causes of action, suits, debts, dues, sums of

money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, infringements, damages, judgments, claims and demands whatsoever, through the date of this Agreement which were or could have been asserted in the Litigation for the sale of allegedly infringing sunglasses as set forth in the Recitals and below.

1.1    Waiver of California Civil Code, § 1542.

Each of the Parties expressly waives all rights under § 1542 of the California Civil Code, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

2.    Stipulated Judgment and Consideration

Chou consents to judgment against him, arising from his sale of counterfeit Oakley sunglasses, and agrees to pay Oakley the sum of thirty-three thousand dollars ($33,000.00) in resolution of this matter and as consideration for damages suffered by Oakley. Should Oakley move to enforce a consent judgment against Chou, Chou consents to exclusive jurisdiction of a Court of competent jurisdiction in Orange County, California to render judgment in favor of Oakley in the full amount of thirty-three thousand dollars ($33,000.00), and further agrees to not contest in any manner the enforcement of this judgment or any related sister-state judgment.

2.1.    Payment of Consideration

Chou agrees to make full payment of the thirty-three thousand dollar ($33,000.00) amount on or before December 31, 2008. Chou agrees to forward payment in the form of a check made payable to "Oakley, Inc." The check shall be delivered to the offices of counsel for Oakley, Weeks, Kaufman, Nelson & Johnson, at 462 Stevens Avenue, Suite 310, Solana Beach, CA 92075, for delivery to Oakley.

3.    Permanent Injunction.

Effective immediately, Chou agrees not to sell any products in the future that infringe any of Oakley's patent or trademark rights. If Chou is concerned that a particular product they are considering selling may infringe Oakley's patent or trademark rights, they shall immediately forward a sample to the offices of counsel for Oakley for review.

4.      Miscellaneous Provisions.

    4.1     No Admissions.

        This Agreement reflects a compromise of the above stated disputes between the Parties.  Nothing contained in this Agreement shall be deemed or construed as an admission by either of the Parties as to any liability or responsibility of any kind to the other, except as specifically and expressly assumed by this Agreement.  Furthermore, except for the limited purpose described in paragraph 6.5, above, by entering into this Agreement, Trio AUS and TTA do not waive any and all objections to jurisdiction in any state or federal court within the United States

    4.2     Binding Effect.

        This Agreement shall be binding upon and inure to the benefit of the Parties and their respective officers, directors, principals, agents, servants, employees, suppliers, parents, subsidiaries, affiliates, successors, assigns, and all those in active concert or participation with them.

    4.3     Severance of Provisions.

        Should any part or provision of this Agreement be held unenforceable or in conflict with any law or jurisdiction, the validity of the remaining parts or provisions shall not be affected by such holdings so long as the primary purposes and intentions of the parties can still be accomplished.

    4.4     Independent Legal Advice.

        Each of the Parties has read this Agreement and has had its legal significance fully explained by their attorney.  As such, each of the Parties certifies and warrants that he, she, or it understands this Agreement, its contents, and the full legal importance and consequences thereof.  Further, each of the Parties certifies that he, she, or it enters into this Agreement freely, voluntarily, and without reservation.

    4.5     Drafting Ambiguities.

        Each of the Parties represents, warrants, and agrees that it has received independent legal advice from its attorneys with respect to the advisability of executing this Agreement, have reviewed this Agreement, and have been fully involved in the negotiation of the terms and conditions of this Agreement.  Accordingly, no provision of this Agreement shall be construed against any of the Parties merely because they prepared this Agreement.

4.6    No Other Representations.

Each of the Parties represents, warrants, and agrees that, in executing this Agreement, it has relied solely on the statements expressly set forth within this Agreement. Each of the Parties further represents, warrants, and agrees that, in executing this Agreement, it has placed no reliance whatsoever on any statement, representation, or promise of any other Party, or any other person or entity, that is not expressly set forth within this Agreement, or upon the failure of any other Party, or any other person or entity, to make any statement, representation, or disclosure.

4.7    Further Assurances.

Each of the Parties shall execute all instruments and documents, and/or take all future actions as may be reasonably required to effectuate this Agreement.

4.8    Sole Ownership of Claims.

All Parties covenant and warrant that they have not and shall not assign any rights they may have in the subject matter of the instant dispute to any third party. In the event of a breach of this paragraph, the Parties shall indemnify and hold harmless each other from any costs, attorneys' fees, or damages arising therefrom.

4.9    Full and Complete Integration.

This Agreement is the final written expression and the complete and exclusive statement of all agreements, conditions, promises, representations, and covenants between the Parties with respect to the subject matter of this Agreement.    This Agreement replaces and supersedes all prior, former, or contemporaneous agreements, negotiations, understandings, representations, discussions, or warranties between and among the Parties.

4.10    Modification or Amendment.

Any modification, alteration, or amendment of this Agreement shall be non-binding, ineffective, and invalid, unless it in writing specifically refers to this Agreement and is signed by the Party, or a duly authorized representative of that Party, to be charged with the modification, alteration, or amendment.

4.11    Counterparts.

This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one document.

4.12    Future Disputes - Controlling Law, Jurisdiction, and Attorney's Fees.

This Agreement shall be construed and controlled in accordance with the laws of the State of California.  The Parties agree that any dispute regarding this Agreement shall be filed in a court of competent jurisdiction in Orange County, California, and the Parties specifically waive their right to have any dispute arising from this Agreement brought or tried anywhere else.  The Parties further agree that in any subsequent action to enforce the provisions of this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, in addition to costs and other relief of the court.

4.13    Confidentiality

The Parties agree that this Agreement and its terms are confidential.  The Parties expressly agree that they will not disclose the terms of this Settlement Agreement with any person other than their parent or affiliated companies, their legal counsel, their auditors, or in responding to legal process or in connection with a legitimate business transaction where the recipient agrees to hold all information related to the Settlement Agreement confidential.

IN WITNESS THEREOF, the parties hereto have caused their names to be subscribed and have executed this agreement on the date set forth below.

**OAKLEY, INC.**                    **YU CHOU**

DATED: _Vince Lonmann_      DATED: _10/14/08_
BY:
ITS:    _V.P. Brand Protection_

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 20th day of October, 2008, in open court.

_____
Anna J. Brown
United States District Court Judge

10: CERTIFICATE OF COUNSEL